Jason M. Ingber Esq. (SBN 318323)
Serach B. Shafa Esq. (SBN 358332)
**INGBER LAW GROUP**
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
T: (213) 805-8373
ji@jasoningber.com

Attorney for Plaintiff
Jennifer Hunter and Kenneth Hunter,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JENNIFER HUNTER, an individual, AND KENNETH HUNTER, an individual,**<br><br>　　　　*Plaintiffs*,<br><br>v.<br><br>**HOME DEPOT U.S.A., INC.,; ROMANOFF RENOVATIONS, INC., DBA "ROMANOFF RENOVATIONS"; and DOES 1 through 10, Inclusive,**<br><br>　　　　*Defendant.*<br>_____ | CASE NO: 2:25-cv-04466<br><br>**COMPLAINT FOR:**<br><br>(1) **BREACH OF CONSUMERS LEGAL REMEDIES ACT, CA CIVIL CODE § 1770 ET SEQ.**<br><br>(2) **FRAUD**<br><br>(3) **NEGLIGENT MISREPRESENTATION**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

# INTRODUCTION

1. Plaintiffs JENNIFER HUNTER and KENNETH HUNTER, (collectively "Plaintiffs") bring this action against Defendants HOME DEPOT, U.S.A., INC. (hereafter "Home Depot"), ROMANOFF FLOOR COVERING, INC. (hereafter "Romanoff"), DBA "ROMANOFF RENOVATIONS" and DOES 1 through 10, inclusive, and seek a trial by jury against all Defendants.

# JURISDICTION AND VENUE

2. Diversity of citizenship jurisdiction is shown for the United States District Court for the Central District of California because Home Depot is a corporation headquartered at 2455 PACES FERRY ROAD, ATLANTA, GA, 30339-4024, USA, and ROMANOFF FLOOR COVERING, INC. is a corporation headquartered at 2300 Windy Ridge Parkway SE, Suite 325S, Atlanta, GA, 30339, USA while the place of incidence was at the customer's home located within this Judicial District. Additionally, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and other costs, per 28 U.S.C. § 1332. Plaintiffs seek actual damages of $188,235, plus punitive damages according to proof. Further, Plaintiffs' reasonably-anticipated statutory attorney's fees under 15 U.S.C. § 2310(d)(2)—which as a matter of law are not considered "costs" under of 15 U.S.C. § 2310(d)(3)—are likely to exceed $75,000.

3. The United States District Court for the Central District of California may exercise supplemental jurisdiction over Plaintiff's State-law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391. The transactions giving rise to the claim occurred in this Judicial District. Also, Home Depot and Romanoff do substantial business in the State of California and within this Judicial District, are registered to and are doing business within the State of California and otherwise maintain requisite minimum contacts with the State of California. Also, the property at issue remains within this Judicial District.

## GENERAL ALLEGATIONS

5. Plaintiffs Jennifer Hunter and Kenneth Hunter are individuals residing in Barstow, California.

6. Defendant Home Depot U.S.A., Inc. ("Home Depot") is a Delaware corporation with its principal place of business in Atlanta, Georgia, doing business throughout California, including in this District.

7. Defendant ROMANOFF FLOOR COVERING, INC. ("Romanoff") is a Georgia corporation with its principal place of business at 2300 Windy Ridge Parkway SE, Suite 325S, Atlanta, GA, 30339, USA, doing business throughout California, including in this District, and serving as a primary flooring installation subcontractor for Home Depot.

8. The true names and capacities of Defendants DOES 1 through 10 are unknown to Plaintiffs at this time, and Plaintiffs therefore sue such Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

9. In or around October 2024, Plaintiffs were in the market to redo their flooring in the main rooms of their home. They visited a few establishments including Home Depot, in particular the one located at 1100 L St, Barstow, CA 92311, to purchase flooring and installation services for their home.

10. Home Depot, on advertisements throughout their store (and through specific representations by its employees, including Riley Sage), promised that the flooring installation would be completed within three days, in time for Thanksgiving.

11. Based on this promise, Plaintiffs entered a contract with Home Depot for the purchase and installation of flooring.

12. The installation was scheduled to begin on November 25, 2024, with explicit promises that it would be completed by November 27, 2024, in time for Thanksgiving, which was on November 28th. (Exhibit A)

13. Home Depot subcontracted the installation to Romanoff Renovations.

14. On or around November 20, 2024, Plaintiff receives a text from Romanoff Renovations directly to coordinate the installation. The message states, "You are confirmed for installation on 11/25/2024, wrapping up on 11/27/2024." Thus, connoting a promise of completion on November 27, 2024. On November 21, 2024, Plaintiff receives a further message. In this text message exchange, the company explicitly promised: "Reminder: 11/25/2024 – 11/27/2024 is your flooring installation." They then follow this up with a text on November 24, 2024, stating, "Reminder: 11/25/2024 – 11/27/2024 is your flooring installation. Arrival window is 8:00 AM – 11:00 AM PT." Then on Monday, November 25, 2024, another message is sent to Plaintiff by Defendant stating, "Today's the day! Victor S Vargas is your Lead Craftsman, Badge #405721D3966." (Exhibit A)

15. The installation was not completed within the promised three-day timeframe. Instead:

    a. The installers worked limited hours;

    b. Plaintiffs were forced to relocate to a hotel for over 11 days;

    c. The installation was not completed until after December 5, 2024.

16. When Plaintiffs were finally able to return to their home, the flooring installation was visibly defective, with jagged lines, grooves, and disconnected sections throughout. Most alarmingly, there was a large hole in the middle of the doorway floor where the installers had apparently failed to fill in the area—an issue clearly documented in Exhibit B. In an apparent attempt to conceal these defects, the installers used quarter round molding in areas where it is not typically required, further indicating that the molding was used as a standard shortcut to hide poor workmanship.

17. Throughout this period, Plaintiffs repeatedly contacted both Home Depot and Romanoff regarding the delays and quality issues.

18. Home Depot representatives instructed Plaintiffs to keep all receipts for reimbursement of their hotel stays and related expenses.

- 4 -
**COMPLAINT FOR DAMAGES**

19. Plaintiffs incurred over $4,000 in hotel expenses and additional incidental costs for food and related expenses due to their displacement.

20. Ultimately neither Home Depot nor Romanoff offered Plaintiffs anything meaningful for the delays and relocation and botched job.

21. Due to the botched nature of the project, Plaintiff had to seek repairs with a total estimate of $30,312.32 according to M.A.R. Construction Services Inc. (Attached as Exhibit C)

## FIRST CAUSE OF ACTION

**Violation of California Consumers Legal Remedies Act**

**(Cal. Civ. Code § 1750 et seq.)**

**(Against Home Depot U.S.A., INC.; Romanoff Renovations, INC.; and DOES 1 through 10, Inclusive)**

22. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

23. The California Consumers Legal Remedies Act ("CLRA") prohibits unfair and deceptive acts and practices in the sale of goods and services to consumers. Cal. Civ. Code § 1770. Plaintiffs are "consumers" as defined by Civil Code § 1761(d), as they sought to acquire goods and services for personal use. The flooring materials and installation services constitute "goods" and "services" within the meaning of Civil Code § 1761(a) and (b).

24. Home Depot and Romanoff violated multiple provisions of the CLRA as follows:

   a. Civil Code § 1770(a)(5): Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. Specifically, both Defendants represented in writing and verbally that the flooring installation would

- 5 -
**COMPLAINT FOR DAMAGES**

be completed within a three-day period (November 25-27, 2024), in time for Thanksgiving on November 28, 2024, as documented in Exhibit A. These representations were false as the installation was not completed until after December 5, 2024, forcing Plaintiffs to relocate to a hotel for over 11 days.

b. Civil Code § 1770(a)(7): Representing that goods or services are of a particular standard, quality, or grade when they are of another. Specifically, both Defendants represented that the installation would be performed to professional standards with proper materials and workmanship, but instead delivered a defective installation with "jagged lines and grooves protruding and disconnected parts of their floor" and "a large hole in the middle of the doorway floor where the installers had apparently failed to fill in this area," as documented in Exhibit B. This substandard work necessitated repairs estimated at $30,312.32 by M.A.R. Construction Services Inc. (Attached as Exhibit C).

c. Civil Code § 1770(a)(9): Advertising goods or services with intent not to sell them as advertised. Specifically, Home Depot advertised throughout its store and through employee representations that the installation would be completed in three days, and Romanoff, acting as Home Depot's agent and/or subcontractor, confirmed this timeline through multiple text messages dated November 20, 21, 24, and 25, 2024 (Attached as Exhibit A).

d. Civil Code § 1770(a)(16): Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. Specifically, when installation began on November 25, 2024, Defendants represented through text message that the installation would proceed according to the previously established timeline, when in fact it did not.

- 6 -
**COMPLAINT FOR DAMAGES**

25. The above violations of the CLRA by Defendants were willful, oppressive, and fraudulent, entitling Plaintiffs to punitive damages pursuant to Civil Code § 1780(a)(4).

26. Plaintiffs attempted to resolve this matter with Home Depot and Romanoff prior to filing suit, and both Defendants acknowledged the issues but absconded their obligations. Pursuant to Civil Code § 1782, Plaintiffs served a CLRA notice on Defendants more than 30 days prior to the filing of this First Amended Complaint.

27. As a direct and proximate result of Home Depot's and Romanoff's violations of the CLRA, Plaintiffs have suffered damages including but not limited to:

   a. Hotel expenses exceeding $4,000;
   b. Additional incidental costs for food and related expenses;
   c. Repair costs estimated at $30,312.32 (Exhibit C);
   d. Loss of use and enjoyment of their home during the holiday season; and
   e. Emotional distress and inconvenience.

28. Plaintiffs are entitled to actual damages, punitive damages, and attorneys' fees and costs pursuant to Civil Code § 1780(a), (d), and (e).

## SECOND CAUSE OF ACTION
### FRAUD
**(Against Home Depot U.S.A., INC.; Romanoff Renovations, INC.; and DOES 1 through 10, Inclusive)**

29. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

30. Under California law, the elements of fraud are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. See *Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996)*.

**COMPLAINT FOR DAMAGES**

31. Home Depot and Romanoff made material misrepresentations regarding:
    a. The explicit 3-day timeline for completion of the flooring installation (November 25-27, 2024), including multiple text messages from Romanoff on November 20, 21, 24, and 25, 2024, explicitly confirming "installation on 11/25/2024, wrapping up on 11/27/2024" (Exhibit A);
    b. The quality of the installation services, which was represented would be performed to professional standards with proper workmanship as evidenced by Romanoff's message identifying "Victor S Vargas [as] your Lead Craftsman, Badge #405721D3966" (Exhibit A), suggesting professional expertise and quality standards; and
    c. The reimbursement of expenses incurred due to delays, as Home Depot representatives specifically "instructed Plaintiffs to keep all receipts for reimbursement of their hotel stays and related expenses" (Paragraph 18).

32. These representations in written advertisements, verbal statements by Home Depot employees, and text messages from Romanoff were false when made. In fact, Defendants knew or should have known at the time they made these representations that:
    a. The installation would not be completed by November 27, 2024, as promised;
    b. The quality of installation would be substantially below professional standards; and
    c. Defendants had no intention of reimbursing Plaintiffs for their relocation expenses.

33. Home Depot and Romanoff made these misrepresentations with knowledge of their falsity or with reckless disregard for the truth, as evidenced by the fact that:
    a. Defendants had subcontracted with each other previously and were familiar with their typical installation timelines;

- 8 -
**COMPLAINT FOR DAMAGES**

    b. Defendants were aware of the workforce and material constraints that would make completion within three days impossible; and

    c. Despite multiple communications from Plaintiffs regarding delays, quality issues, and expenses, neither Defendant took action to remedy the situation or honor their promises.

34. Defendants intended that Plaintiffs rely on these misrepresentations to induce them to enter into the flooring installation contract and to continue with the project despite mounting delays.

35. Plaintiffs reasonably and justifiably relied on these misrepresentations to their detriment, as evidenced by:

    a. Entering into the contract based on the promised three-day timeline;

    b. Making arrangements to be away from their home only for the promised period; and

    c. Keeping all receipts for reimbursement as instructed by Home Depot.

36. As a direct and proximate result of their reasonable reliance on Defendants' fraudulent misrepresentations, Plaintiffs have suffered damages including:

    a. Over $4,000 in unreimbursed hotel expenses;

    b. Additional costs for food and related expenses due to displacement;

    c. Repair costs estimated at $30,312.32 (Exhibit C); and

    d. Loss of use and enjoyment of their home during the Thanksgiving holiday.

37. The aforementioned conduct of Defendants was willful, wanton, malicious, and designed to take advantage of consumers like Plaintiffs, justifying an award of punitive damages under California Civil Code § 3294.

///

///

///

## THIRD CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

### (Against Home Depot U.S.A., INC.; Romanoff Renovations, INC.; and DOES 1 through 10, Inclusive)

38. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

39. Under California law, the elements of negligent misrepresentation are: (1) a misrepresentation of material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce reliance; (4) justifiable reliance by the plaintiff; and (5) resulting damage. See *Bily v. Arthur Young & Co., 3 Cal.4th 370, 407-408 (1992).*

40. Home Depot and Romanoff made false representations of material fact regarding:

    a. The three-day timeline for completion of the flooring installation, specifically that it would be completed November 25-27, 2024, as documented in multiple text messages (Attached Exhibit A);

    b. The quality of workmanship to be provided, representing it would meet professional standards when it did not, as evidenced by the defective installation and need for $30,312.32 in repairs (Attached as Exhibits B and C); and

    c. The reimbursement of hotel and related expenses incurred due to installation delays.

41. Home Depot and Romanoff had no reasonable grounds for believing these representations were true when made, as evidenced by:

    a. Their experience in the industry and previous knowledge of typical installation timeframes for similar projects;

- 10 -
**COMPLAINT FOR DAMAGES**

    b. Their awareness of the personnel assigned to the project and their capabilities;

    c. Their knowledge of the materials and methods to be used and their suitability for the intended application; and

    d. Their failure to conduct proper planning and resource allocation for the project.

42. Home Depot and Romanoff intended that Plaintiffs rely on these misrepresentations to induce them to:

    a. Enter into the flooring installation contract;

    b. Make arrangements based on the promised timeline; and

    c. Continue with the project despite mounting evidence of problems.

43. Plaintiffs reasonably and justifiably relied on Defendants' misrepresentations, as evidenced by:

    a. Their confirmation of the installation dates in response to Romanoff's text messages;

    b. Their preparation of their home for the promised installation timeline;

    c. Their arrangements to stay elsewhere during only the promised three-day period; and

    d. Their retention of receipts for hotel and related expenses as instructed.

44. As a direct and proximate result of their reliance on Defendants' negligent misrepresentations, Plaintiffs have suffered damages including:

    a. Hotel expenses exceeding $4,000;

    b. Additional costs for food and related expenses;

    c. Repair costs estimated at $30,312.32 by M.A.R. Construction Services Inc. (Attached as Exhibit C);

    d. Loss of use and enjoyment of their home during the Thanksgiving holiday; and

**COMPLAINT FOR DAMAGES**

      e.  Additional costs and inconvenience associated with the defective installation.

45. Under the doctrine of respondent superior, Home Depot is vicariously liable for the negligent misrepresentations made by Romanoff as its subcontractor and/or agent. See *Perez v. Van Groningen & Sons, Inc., 41 Cal.3d 962, 967-968 (1986)*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

1. For actual damages according to proof;
2. For punitive damages;
3. For restitution;
4. For reasonable attorneys' fees and costs of suit;
5. For pre-judgment interest; and
6. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED: May 18, 2025

                                             *Jason Ingber*
                                             Jason M. Ingber, Esq.
                                             **INGBER LAW GROUP**
                                             Attorney for Plaintiff

**COMPLAINT FOR DAMAGES**



4:33

+1 (678) 932-1416

**CONFIRM**

You are confirmed for installation on 11/25/2024, wrapping up on 11/27/2024. Watch this video to learn how to prep your home: https://home.rrenovations.com/cphs.html

Please complete this materials check-in to ensure you have everything for your install: bit.ly/3nGxvtI

If you haven't already, don't forget to bring wood and laminate materials inside (home temp 65-80 degrees) 72 hours before install to acclimate.

Thu, Nov 21 at 2:32 PM




Text Message • SMS




**+1 (678) 932-1416**

Thu, Nov 21 at 2:32 PM

Reminder: 11/25/2024 - 11/27/2024 is your flooring installation. Your arrival window will be provided the day before your installation. Please make sure your home is prepped to avoid delays: https://home.rrenovations.com/cphs.html

You can view helpful hints by visiting:

www.hdfloors.com/PreinstallationChecklist.aspx

Sun, Nov 24 at 2:31 PM

Reminder: 11/25/2024 - 11/27/2024 is your flooring installation. Arrival window is 8:00 AM - 11:00 AM PT. Please make sure your

4:33

+1 (678) 932-1416

Sun, Nov 24 at 2:31 PM

Reminder: 11/25/2024 - 11/27/2024 is your flooring installation. Arrival window is 8:00 AM - 11:00 AM PT. Please make sure your home is prepped to avoid delays: https://home.rrenovations.com/cphs.html

Mon, Nov 25 at 8:01 AM

Today's the day! Victor S Vargas is your Lead Craftsman, Badge #405721D3966. If any issues arise, please let us know by calling (951) 381-8113

Mon, Nov 25 at 12:01 PM

Romanoff Renovations wants you to be EXTREMELY SATISFIED

Text Message • SMS



| CONTRACT | SCOPE OF WORK | DOM | cost breakdown | | | | | | | | DATE PREPARED Saturday, January 11, 2025 | | BID NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**M.A.R Construction Services Inc.**
California State Licence Number: **710946**
ESTIMATED BY: **Don Beardshear.**
CATEGORY CODE NUMBER: **Flooring replacement**
CLAIM NUMBER:
JOB ORDER NUMBER:

27614 Waterman Rd. Barstow, Ca. 92311     760-267-6861

PROJECT: Kenneth Hunter 1113 E. Elizabeth St, Barstow, Ca 92311

STATUS OF DESIGN: _ PED   _ 30%   _ 100%   _ FINAL   **X**- OTHER

| ITEM DESCRIPTION | QUANTITY NUMBER | UNIT | MATERIAL COST UNIT COST | TOTAL | LABOR COST UNIT COST | TOTAL | EQUIPMENT COST UNIT COST | TOTAL | Minimum Charge UNIT COST | TOTAL | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **General demolition** | | | | | | | | | | | |
| Remove and reset furniture (owner to move personal items) | 1 | LS | $0.00 | 0.00 | $900.00 | 900.00 | $0.00 | 0.00 | $0.00 | 0.00 | $900.00 |
| flooring demolition only ….save and reuse 1/4 round and baseboard | #### | SF | $0.40 | 420.00 | $0.75 | 787.50 | $0.00 | 0.00 | $0.00 | 0.00 | $1,207.50 |
| install underlayment and vinyl flooring | #### | SF | $5.00 | 5250.00 | $6.50 | 6825.00 | $0.00 | 0.00 | $0.00 | 0.00 | $12,075.00 |
| herringbone pattern (chevron pattern) | #### | SF | $0.00 | 0.00 | $5.00 | 5250.00 | $0.00 | 0.00 | $0.00 | 0.00 | $5,250.00 |
| reinstall baseboard and 1/4 round trim | 400 | LF | $1.00 | 400.00 | $3.50 | 1400.00 | $0.00 | 0.00 | $0.00 | 0.00 | $1,800.00 |
| remove and reinstall appliances (waher/dryer) | 1 | SET | $50.00 | 50.00 | $400.00 | 400.00 | $0.00 | 0.00 | $0.00 | 0.00 | $450.00 |
| Haul project related trash to refuse site | 1 | LS | $300.00 | 300.00 | $600.00 | 600.00 | $0.00 | 0.00 | $0.00 | 0.00 | $900.00 |
| Paitnt all Baseboard reinstalled including caulking | 400 | LF | $2.25 | 900.00 | $2.25 | 900.00 | $0.00 | 0.00 | $0.00 | 0.00 | $1,800.00 |
| only work listed is included in pricing | | | | | | | | | | | |
| MAR Construction to carefully store furniture in garage - owner to protect | | | | | | | | | | | |
| no painting included | | | | | | | | | | | |

| | | |
|---|---|---|
| **BARE SUB-TOTALS** | | $0.00 |
| **BARE COST** | | $24,382.50 |
| **OVERHEAD**     12.00% | | $2,925.90 |
| **PROFIT**       11.00% | | $3,003.92 |
| **SUB-TOTAL COST** | | $30,312.32 |
| **Bonds and permits** | | $0.00 |
| **TOTAL COST** | | $30,312.32 |

^